UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:10-CV-66-KSF

DOUG STRATTON                                                                          PLAINTIFF

vs.                                     **OPINION AND ORDER**

KONECRANES, INC.                                                DEFENDANT

\* \* \* \* \* \* \* \*

This matter is before the Court on the motion of Plaintiff to remand to the Woodford Circuit Court for lack of jurisdiction on the ground that Defendant did not establish the amount in controversy in its notice of removal. For the reasons discussed below, the motion will be denied.

I.      **BACKGROUND**

Plaintiff filed this action in Woodford Circuit Court alleging a violation of his civil rights under KRS Chapter 344 and the common law. [Complaint ¶]. Plaintiff was employed by Konecranes for fifteen years, but was terminated by letter dated May 15, 2009 stating it was due to "economic turndown." *Id.* at ¶ 9. Plaintiff claims, instead, he was terminated for taking time off work due to foot surgeries. *Id.* at ¶¶ 10-13, 16-21. Plaintiff additionally claims a violation of Kentucky's wage and hour law as a result of his being required to be on-call during one weekend every six weeks over the past fifteen years. *Id.* at ¶¶ 14-15, 24-26. Finally, he claims the Defendant's[1] conduct was taken intentionally or wilfully to cause severe emotional distress. *Id.* at 27. Stratton seeks compensatory damages, including past, present and future lost wages; equitable damages, including reinstatement and future damages; mental anguish and emotional distress; punitive damages; and attorneys fees and costs.

---

[1] The Complaint references "Defendant Barton" in paragraph 27, but Mark Barton is not a named defendant.

Defendant removed this action on grounds of diversity and said that "the value of the matter as pleaded appears to place more than $75,000 (exclusive of interest and costs) in controversy." [DE 1]. Plaintiff moved to remand, claiming that Defendant failed to show that the amount in controversy is more than $75,000. [DE 6]. Citing two unpublished district court opinions, Plaintiff argued that the Notice of Removal did not contain any specific facts, did not assign a monetary value to Plaintiff's claims, and that his refusal to stipulate to damages less than the jurisdictional amount did not justify removal. *Id.* at 3. Plaintiff also argued that the removal statute is construed strictly and narrowly against removal. *Id.* at 5.

Defendant responded that Plaintiff declined to stipulate damages less than the jurisdictional amount, noting that they continue to accrue daily. [DE 7, p. 2]. Defendant provided Plaintiff's rate of pay on the date of termination at $22.00 per hour and calculated back pay, assuming a trial one year from the date of filing, at $75,680.00. *Id.* at 3. Defendant noted that this amount does not include any front pay or any amount for emotional distress damages. Defendant also calculates Plaintiff's claims for damages for the alleged failure to pay for on-call time and for liquidated damages in an equal amount for a total of $269,280.00. *Id.* at 4. Even if Plaintiff only recovered the minimum wage, the damages would total $113,680. Defendant further notes that punitive damages were demanded and must be considered in the amount in controversy. *Id.* Finally, Defendant distinguishes the cases relied on by Plaintiff. *Id.* at 5.

In reply, Plaintiff contends that Defendant's calculations are insufficient because they were not set forth in the notice of removal. [DE 10]. He claims that "Defendant was required to satisfy its burden of proof that the amount in controversy was satisfied at the time of removal." *Id.* at 2. Plaintiff's procedural interpretation is that the Defendant's burden of proof must be met at the time of removal and, if not, remand is required. He also emphasizes that doubts should be resolved in favor of remand.

## II. ANALYSIS

The Sixth Circuit "places a burden on a defendant seeking to remove an action to federal court to show by a preponderance of the evidence that the amount in controversy requirement has been met. This standard 'does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement. Such a burden might well require the defendant to research, state and prove the plaintiff's claim for damages.'" *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001), quoting *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993) (abrogated on other grounds by *Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010)). When determining the amount in controversy, "we review the damages sought by Plaintiffs at the time of removal – i.e., the damages sought by Plaintiffs in their original complaint." *Id.* at 573.

It is the opinion of this Court that Defendant has shown it is more likely than not that the amount in controversy exceeds $75,000. The procedural posture of the amount in controversy issue in this case bears a strong similarity to *Hayes*. The underlying issues in *Hayes* were breach of contract and trespass claims associated with an oil and gas lease. "In its petition for removal, Equitable alleged that Plaintiffs were 'seeking unspecified and unliquidated damages, that based upon a fair reading of [Plaintiffs'] complaint, will exceed Seventy Five Thousand Dollars ($75,000) if proven.'" *Id.* at 573. The court held that "Equitable's pleading of the amount in controversy requirement was quite adequate." *Id.* Plaintiffs did not allege any specific amount in controversy and refused to stipulate to a damages amount less than the jurisdictional requirement. Equitable relied "on the damages sought by Plaintiffs in this case – royalties and gross values of minerals extracted from four separate wells, two of which date back to 1941, in addition to punitive damages." *Id.* While the opinion does not specify when and where Equitable presented its evidence of the amount in controversy, it does not appear to have been in the notice of removal.

3

Similarly, in *Gafford v. General Elec. Co.*, 997 F.2d 150 (6th Cir. 1993), the plaintiff claimed that GE did not meet its burden of proving the amount in controversy. The court said:

> GE responds that Earl F. Jones, Senior Counsel for Labor and Employment at GE's Appliance Park facility in Louisville, Kentucky, testified at the pretrial hearing on jurisdiction that, should Gafford prevail on her claims, she would be entitled to a sum greater than $50,000 for back pay, as well as additional amounts for attorney fees and other damages. Gafford did not offer any rebuttal witnesses at the jurisdiction hearing. Nor were any affidavits filed to contradict Jones' testimony. Given GE's burden of proof settled upon above, we find that the district court did not err in finding that the amount in controversy exceeded $50,000.

*Id.* at 160-61. GE's evidence is very similar to the evidence offered in the present case. Moreover, it was offered at a "pretrial hearing on jurisdiction," which obviously was subsequent to the notice of removal. The court also considered the fact that Plaintiff did not contradict the testimony in determining that GE met its burden.

Plaintiff's unpublished authorities have no precedential value and also are distinguishable. In both *Rosenstein v. Lowe's Home Centers, Inc.*, 2007 WL 98595 (E.D. Ky. 2007) and *Suwala v. Progressive Ins. Co.*, 2005 WL 2076490 (E.D. Ky. 2007), the plaintiffs filed an affidavit or stipulation that no relief in excess of $75,000 was being sought. Stratton argues that such affidavits after removal cannot be considered under the holding of *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868 (6th Cir. 2000). *Roberts v. A & S Building Systems, L.P.,* 2008 WL 220627 (E.D. Tenn. 2008) recognized, however, that this holding in *Rogers* was abrogated by *Powerex Corp. v. Reliant Energy Services*, 551 U.S. 224, 232 (2007). "This line of precedent, however, is effectively abrogated by the Supreme Court's ruling in *Powerex Corp*. Because the amount in controversy must exceed $75,000 for this court to have diversity jurisdiction, it therefore follows that a stipulation post-removal requires this court to remand under § 1447(c)." *Roberts*, 2008 WL 220627 at *3. Additionally, the court did consider the stipulation in both cases. *Rosenstein*, 2007 WL 98595 at *3; *Suwala*, 2005 WL 2076490 at *2.

Plaintiff also relies on *Holt v. HMS Host USA*, 2009 WL 1794748 (M.D. Tenn. 2009) for the proposition that a refusal to stipulate that damages are less than $75,000 "does not itself justify

removal." *Id.* at *3. A refusal to stipulate, by itself, would not justify removal, but here, there is more. Defendant used the allegations in the Complaint at the time of removal to support calculations showing it is more likely than not that Plaintiff's damages would exceed $75,000. As in *Hayes* and *Gafford*, Stratton did nothing to rebut those calculations, and he also refused to stipulate to a lesser amount of damages. *Hayes*, 266 F.3d at 573; *Gafford*, 997 F.2d at 161. Defendant has demonstrated that the amount in controversy is met by a preponderance of the evidence and is not required to do any more. Defendant's evidence also cannot be ignored through a strict construction of the removal statute.

### III. CONCLUSION

**IT IS ORDERED** that Plaintiff's Motion to Remand [DE 6] is **DENIED**.

This May 28, 2010.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge