UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:10-CV-66-KSF

DOUG STRATTON                                                                                    PLAINTIFF

vs.                                    **OPINION AND ORDER**

KONECRANES, INC.                                                              DEFENDANT

\* \* \* \* \* \* \* \*

This matter is before the Court on the motion of Plaintiff to amend his complaint to add two individual defendants and a claim of retaliation. [DE 22]. For the reasons discussed below, the motion to amend will be denied.

I.     **BACKGROUND**

This disability discrimination action was filed January 28, 2010 in Woodford Circuit Court and removed February 22, 2010. [DE 1]. Stratton claims he was terminated from his employment after fifteen years with Konecranes because of foot problems resulting in multiple surgeries. He also alleges a wage and hour violation because he was "on call" during a weekend every six weeks and was not compensated for same. *Id.*

Konecranes laid off three employees at its Lexington facility in 2009, including Stratton, due to an economic downturn. [DE 22, De 23]. Mark Barton, former Branch Manager, made the decision to lay off Stratton and others after being notified to eliminate two technicians and one staff person. [DE 23, p. 2]. Barton claims Stratton was selected for lay off because of his "limited technical skills and poor job performance." *Id.* at 3.

Pursuant to an August 6, 2010 Scheduling Order, discovery in this case was to be completed and all motions to amend pleadings were to be filed by March 31, 2011. [DE 14]. Trial is scheduled for September 27, 2011. On March 28, as a result of Stratton's request for an even

greater extension, the deadline to complete discovery and amend pleadings was extended to May 16, 2011. [DE 21]. On April 6, 2011, nearly fourteen months after his case has been pending in federal court, Stratton moved to file an amended complaint to add a claim of retaliation against Barton, an Indiana resident, and Hunley, a Kentucky resident, in their individual capacities.[1] [DE 22]. Because the addition of Hunley would destroy diversity, Stratton also moved that the case be remanded to state court. *Id.* The only factual allegations against Hunley are conclusory statements that "Defendants retaliated against Stratton by failing to recall or rehire him into available technician and similar positions in 2010 and 2011," "Barton and Hunley conspired and otherwise retaliate [sic] against Stratton by failing to consider him for rehire when he was qualified for opening positions in 2010 and 2011" and that "Hunley conspired to retaliate in providing false testimony in this case at his deposition." [DE 22-2, p. 6].

In support of his motion, Stratton said he became aware of the facts underlying his retaliation claim when he talked with Hunley in "December of 2010 and January of 2011." [DE 22-1, p. 6]. He added that "it only became clear upon taking the deposition testimony of Hunley that the Defendant had no valid reason for refusing to rehire the Plaintiff." *Id.* No deposition testimony is cited in support.

Konecranes notes that it responded to Plaintiff's discovery requests on December 2, 2010 and provided ten different dates in December 2010 and January 2011 for depositions of its managers, but Plaintiff waited until March 14, 2011 to take Barton and Hunley's depositions. [DE 23, p. 3]. It also notes that Stratton knew nearly four months before moving to amend his complaint that Konecranes had hired two technicians in Lexington. *Id.* at 4. Moreover, at the time of Stratton's lay off, Barton documented that Stratton's performance rating was "poor" and that he was "not eligible for re-hire." *Id.* at 5; DE 23-2.

---

[1] Barton was Stratton's Branch Manager. Hunley became Branch Manager October 10, 2010. [Hunley Depo. p. 72].

Hunley and Stratton were "very close friends" while Stratton was at Konecranes, and they fished together thereafter. [Stratton Depo. 19-20]. When he talked with Hunley in December 2010 or January 2011, Stratton asked if Konecranes would take him back. *Id.* at 154-55. Hunley suggested that Stratton call John Dabbelt at the corporate offices the next day, which Stratton interpreted to mean that Branch Managers do not have the power to hire people without clearing it through the corporate office. [Stratton Depo. p. 155]. However, Stratton **never called Dabbelt** because he "just didn't think that Kone would ever hire me back after all this." [Stratton Depo. 154-55]. Thus, Stratton did not apply for any open technician position after his layoff. [DE 23, p. 5]. Hunley testified he felt "extremely awkward" talking with his friend, but told him he thought the world of him and that "he needed to call John Dabbelt." [Hunley Depo. p. 82, 121]. Hunley gave Stratton Dabbelt's phone number and said he would call himself to let Dabbelt know that a call was coming. *Id.* at 122. Hunley also testified that in March of 2009, "Stratton was not meeting the expectations as a technician or as an inspector for the job he was doing." *Id.* at 85. This was based on an incident at Ceradyne. *Id.* Barton testified, however, that Stratton was not terminated for poor job performance. [Barton Depo. p. 128].

Stratton replies that Dabbelt said some of the ten to fifteen laid-off employees in the company were brought back when business picked up. [DE 25, p. 2]. There is no evidence at all, however, on any effort those persons made to apply for available work. Stratton also claims he did seek to be rehired by Konecranes through his call to Hunley. *Id.* at 2-3. He viewed the suggestion to call Dabbelt as "futile," but he offered no evidentiary support for this view. *Id.* at 3. Stratton also relies on the fact that a technician position was filled in 2010 by Matt Durham. [DE 25 p. 4]. Hunley testified this was a person with experience brought on through a "temp agency." [Hunley Depo. 72-73]. The hiring decision was made by Barton, Dabbelt and Brett Lawson, and Hunley did not know whether Stratton was considered. *Id.* Plaintiff claims he learned through depositions and otherwise that Barton and/or Hunley "espoused the prohibition of Stratton's rehire from his 'laid off' status

3

because of the pending civil action." There is no citation to any evidence in support of this position. [DE 25, p. 5]. Stratton denies that Konecranes would be prejudiced by the amendment, and claims it would simply be "inconvenienced" and "annoyed" by the new claims. *Id.* at 6.

## II.     ANALYSIS

Leave to amend a pleading shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). A district court should consider the following factors in passing on a party's motion to amend: (1) undue delay in filing the motion; (2) lack of notice to adverse parties; (3) whether the movant is acting in bad faith, or with a dilatory motive; (4) failure to cure deficiencies by previous amendments; (5) the possibility of undue prejudice to adverse parties; and (6) whether the amendment is futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Robinson v. Michigan Consol. Gas Co.,* 918 F.2d 579, 591 (6th Cir. 1990). "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1989) (quoting *Hagerman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973).

While delay alone ordinarily does not justify denial of leave to amend, at some point "delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002), quoting *Adams v. Gould*, 739 F.2d 858, 863 (3d Cir. 1984). More than twenty years after *Foman*, Rule 16 was amended to contain a provision restricting the timing of amendments. Rule 16 provides, in relevant part: "the district judge ... shall, after receiving the report from the parties under Rule 26(f) ... enter a scheduling order that limits the time (1) to join other parties and to amend the pleadings...." Fed. R. Civ. P. 16(b). "The Rule is designed to ensure that 'at some point, both the parties and the pleadings will be fixed.'" *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003).

In *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828 (6th Cir. 1999), the court affirmed denial of a motion to amend to include a Fair Labor Standards Act violation in a sexual harassment and gender-based discrimination case. The "district court stressed that both the discovery deadline and the dispositive motion deadline had passed." *Id.* at 834. It also "noted that an increased burden is on the movant at this late stage in the litigation to show justification for the failure to move earlier." *Id.* "At least one Sixth Circuit decision has held that allowing amendment after the close of discovery creates significant prejudice, and other Circuits agree." *Id.*

In *Priddy v. Edelman*, 883 F.2d 438 (6th Cir. 1989), the court said: "A party is not entitled to wait until the discovery cutoff date has passed and a motion for summary judgment has been filed on the basis of claims asserted in the original complaint before introducing entirely different legal theories in an amended complaint." *Id.* at 446. "Putting the defendants 'though the time and expense of continued litigation on a new theory, with the possibility of additional discovery, would be manifestly unfair and unduly prejudicial.'" *Id.*, quoting *Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 971 (6th Cir. 1973).

In the present case, the initial Rule 16 deadline for completing discovery, March 31, 2011, had passed before the motion to amend was filed on April 6, but the Scheduling Order had been amended at the last minute to extend discovery until May 16. The normal briefing schedule on the motion to amend resulted in briefing not being completed until May 10, just six days before the extended discovery deadline and only a month before dispositive motions were due.[2] Even if the Court could have ruled immediately on the motion to amend, the defendant would have been unduly prejudiced by having to reopen discovery with new parties and a new theory that was not contemplated in the original complaint, to say nothing of having the case remanded to state court where the parties would basically start over with a new trial date and new scheduling deadlines. Such a drastic change in the pleadings on the eve of the discovery deadline reflects both undue

---

[2] Defendant filed its motion for summary judgment on June 13, 2011.

5

delay and undue prejudice. Stratton also has not shown any prior notice to Konecranes regarding the retaliation claim or additional defendants. While counsel has mentioned some illness, counsel has not met the increased burden to show justification for the failure to move to amend earlier.

III. CONCLUSION

**IT IS ORDERED** that Plaintiff's motion for leave to amend complaint and for remand [DE 22] is **DENIED**.

This June 23, 2011.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge